

**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806   www.pryorcashman.com

**Matthew S. Barkan**
**Counsel**

Direct Tel: 212-326-0840
Direct Fax: 212-798-6369
MBarkan@PRYORCASHMAN.com

October 18, 2021

**VIA ECF**

The Honorable Alvin K. Hellerstein, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

    Re:    <u>*E. Rémy Martin & Co. v. Sire Spirits, LLC, et al.*, 21 CV 06838 (S.D.N.Y.)</u>

Dear Judge Hellerstein:

    We represent defendants Vetroelite S.p.A. ("VSPA") and Vetroelite, Inc. ("Vetro," and together with VSPA, the "Vetro Defendants") in the above-captioned action. We respectfully submit this letter-motion seeking leave to make limited redactions to certain schematics and purchase orders annexed to the Declaration of Daniele Feletto, submitted in connection with the Vetro Defendants' motion to dismiss (the "Feletto Declaration"), in order to protect commercially sensitive information. In particular, VSPA seeks to redact: (i) price amounts and bottle schematics in Exhibit A to the Feletto Declaration; and (ii) information in Exhibits B and C to the Feletto Declaration concerning the quantity of units purchased.

    Pursuant to Your Honor's Individual Rule 4.B.ii, we have conferred with counsel for both Plaintiff E. Rémy Martin & Co. ("Plaintiff") and Defendant Sire Spirits, LLC ("Sire") concerning this request. Counsel for Sire consents to the proposed redactions in their entirety. Counsel for Plaintiff consents to the redaction of the price and quantity information, but does not consent to redaction of the bottle schematics.

**Legal Standard**

    In determining whether documents should be filed under seal, a court must balance the presumption of public access to the documents with competing considerations weighing against such access. *Lugosch v. Pyramid Co. v. Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). These considerations include the "privacy interests of those resisting disclosure," *id.*, which interests extend to competitively sensitive information. *See SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, No. 14-CV-2270 JMF, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (granting motion to maintain redactions limited to, among other things, "specific financial figures").



The Hon. Alvin K. Hellerstein, U.S.D.J.
October 18, 2021
Page 2

**The Bottle Schematics Are Commercially Sensitive and Should Be Redacted**

The bottle schematics contained in Exhibit A to the Feletto Declaration contain confidential product specifications that could allow a competitor to gain an unwarranted advantage. Courts frequently grant requests to seal information concerning product design, which is "the type of information that is generally kept confidential and outweighs the presumption of public access due to its importance to competition in the relevant field." *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 1:17-cv-00598 (BKS/CFH), 2021 WL 776701, at *5 (N.D.N.Y. Mar. 1, 2021) (citation & quotation omitted); *see In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prod. Liab. Litig.*, No. 18-MC-2859 (PAC), 2021 WL 4706199, at *4 (S.D.N.Y. Oct. 8, 2021) (granting motion to seal proprietary design information, finding movant's "interest in protecting this proprietary business information to avoid suffering a competitive disadvantage outweighs the presumption of public access"). Here, too, the Court should grant VSPA's request to redact the bottle schematics, which contain competitively sensitive, non-public details concerning the Branson Bottle's design.

**The Price and Quantity Information Is Commercially Sensitive and Should Be Redacted**

Exhibits A-C of the Feletto Declaration contain sensitive pricing and quantity information which could be used by competitors to gain advantage, including to underbid and compete with VSPA in connection with other projects. Such information is the quintessential kind of sensitive information that courts permit parties to maintain under seal. *See SOHC*, 2014 WL 5643683, at *5; *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *2 (S.D.N.Y. March 22, 2021) (granting motion to seal pricing information); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) (granting motion to seal information concerning product cost). The same conclusion is respectfully merited here.

**Conclusion**

For the reasons set forth above, Defendants respectfully request that the Court issue an Order directing that the schematics, pricing and quantity information contained in Exhibits A-C of the Feletto Declaration be maintained under seal.

Respectfully submitted,

Matthew S. Barkan

cc: All Counsel via ECF